DUFRESNE, Judge.
This is an appeal from a judgment of the trial court in which an employee was denied compensation benefits pursuant to the Louisiana Workmen’s Compensation Act, LSA-R.S. 23:1031.
Plaintiff, Steve Lee, had been employed as a production technician by defendant, Union Carbide Corporation at Taft, Louisiana when he allegedly injured his right knee on defendant’s property while participating in a softball game and picnic. Plaintiff contends that his injury is work-related, however, the trial court did not agree and refused to award workmen’s compensation benefits.
Plaintiff appeals and assigns as error the trial court’s finding that there was no injury received in the course and scope of his employment. We affirm the judgment of the trial court.
In order to recover workmen’s compensation benefits, plaintiff must prove the following chain of causation: his employment caused the accident; the accident caused his injury and the injury caused his disability. Although the workmen’s compensation rules are construed liberally in favor of the claimant, the employee retains the burden of proving by a preponderance of the evidence that a work-related accident took place.
We hold that the trial judge was correct in its factual findings based on the testimony presented and reached the correct legal conclusion after evaluation of the factual findings. The plaintiff failed to prove that the injury he received was related to the performance of his employment duties.
Accordingly, the judgment of the trial court is affirmed. The trial judge’s excellent reasons for judgment are attached as an appendix to this opinion.
AFFIRMED.
*205 APPENDIX
CIVIL DOCKET NO. 29,847
29TH JUDICIAL DISTRICT COURT
ST. CHARLES PARISH, LOUISIANA REASONS FOR JUDGMENT
Plaintiff sustained a serious knee injury while participating in a softball game on employer’s premises during an off-hours picnic. His suit seeks worker’s compensation benefits and alternatively tort damages. He additionally attempts to establish his entitlement to worker’s compensation for injury sustained after the May 16, 1981 accident as a result of his continued employment.
I. May 16, 1981 Accident
On May 16, 1981, a Saturday morning, Union Carbide employees gathered on company’s premises for a softball game and picnic. Carbide employees regularly used the premises for recreation and the picnic was organized by a “recreation committee” and paid for with money generated from vending machine sales. The bases were furnished and set up by individual employees. Participants were not paid nor was their attendance mandatory.
Testimony of Gaeteno Giannateasio, indicates Lee’s accident occurred when he attempted to go to second base, his leg looked like it “shot out from under him and he fell forward.” According to this witness, he never reached second base until after his fall when he tumbled over it. Sue Kirsher, right fielder, testified she didn’t see Lee fall but that she saw him on the ground between first and second bases. Eugene Goldsmith, third base coach, testified Lee slid toward second and did not round second. Marion Lageau, catcher, testified Lee fell before reaching second. Mike Kirsher, who witnessed the fall, testified Lee attempted to slide to second and didn’t make it.

Worker’s Compensation

R.S. 23:1031 provides that an employer is obligated to pay compensation to an employee if the employee “... receives personal injury by accident arising out of and in the course of his employment....”
The classic tests for a determination of applicability of worker’s compensation coverage for company picnics and parties were applied in Jackson v. American Insurance Co., 404 So.2d 218 (La.1981).
This case does not meet the standards necessary to impose coverage. The picnic and softball game were not sponsored by the employer. Attendance was voluntary. Participants were not paid for attendance. The picnic was not paid for by the employer. The employer received no direct or indirect benefit from the event. The only connection to Carbide was that the event was held on its premises. The accident did not arise out of and in the course of plaintiff’s employment.

Tort

Plaintiff alternatively alleges Union Carbide’s negligence “... through its representatives and agents, had placed bases on a field to be used for softball and said bases were not sufficiently secured to the field. This created a trap and unsafe condition for persons playing softball on the field, all of which constituted acts of negligence on behalf of your defendants.” Plaintiff further alleges defendants strict liability since they had complete control over the condition of the playing field.
Defendants assert the fall was caused by a giving away of plaintiff’s knee due to a pre-existing condition. (Plaintiff admits he had a prior knee injury sustained playing football.) The evidence does not establish the accident was caused by any defect in the playing field over which Carbide had control or by the bases used on the playing field. The credible testimony establishes plaintiff fell before reaching second base. Plaintiff has not established by a preponderance of the evidence any facts which would support a theory of recovery in tort.
II. Subsequent Accident
The plaintiff’s petition alleges that after his accident plaintiff continued work which required strenuous climbing; that on August 15, 1981, being in severe pain, he sought medical treatment and on August *206 20 was diagnosed as having a meniscus tear. He alleges that Dr. Johnson, his orthopedic surgeon, informed Carbide through their physician to restrict plaintiff’s duties, especially climbing, but that Lee was instructed to continue previous duties, including climbing stairs. (See paragraphs IV through XV of petition.) The most direct reference to any subsequent accident is paragraph XVI, which states:
XVI.
As a result of the said injury on May 16, 1981, and subsequent working conditions, (emphasis supplied) plaintiff has suffered permanent injuries to his right knee and has been unable to engage in any gainful occupation for wages without extreme pain and discomfort, is totally incapacitated to perform work of any reasonable character for which he is suited by reason of his training and experience and is totally and permanently disabled from the performance of his trade and occupation.
Neither the original petition nor the amended petition refer to any specific event causing plaintiff’s injuries. There is no reference whatever to a subsequent accident in the Pre-trial order prepared by plaintiff.
At trial, plaintiff attempted to question his supervisor about an emergency drill which occurred on August 5, 1981. Defendant objected to the relevancy, contending the petition contained no allegations of another accident. Plaintiff argued that the allegations of his petition that plaintiff was continually injured on the job were sufficient. The objection was overruled subject to plaintiff’s successfully urging his legal argument that the Worker’s compensation law does not require a particular event causing plaintiff’s injury.
Assuming arguendo that plaintiff has adequately pleaded a second accident, his claim nevertheless falls. Although the worker’s compensation law is to be given liberal construction in favor of the employee, the employee has the burden of proving his claim by a preponderance of the evidence. Plaintiff has not established an accident within the meaning of the Worker’s Compensation Law. His testimony, as well as the testimony of the company doctor, confirm that his knee began to bother him during emergency drill operations on August 5. Although Lee testified that the pressure of the hose and walking forward caused him to hyperextend his knee, resulting in stiffening and swelling the next day, this testimony is totally uncorraborated by other testimony or the annotations made by the doctor or by any other evidence that connect the activities involved in the drill and the plaintiff’s exacerbation of symptoms. Nor has the evidence sufficiently established a causal connection between “subsequent working conditions” and the aggravation of any pre-existing condition sufficient to constitute an accident within the meaning of R.S. 23:1021.