WILLIAM A. CULPEPPER, Judge Pro Tem.
Plaintiff, Jeffery Malveaux, Sr., filed a request for modification of worker’s compensation benefits he received due to an injury suffered while playing on a company sponsored softball team. The defendants, plaintiff’s employer, American Manufacturing Company and its compensation carrier, United National Insurance Company, filed a motion for summary judgment contending plaintiff was not in the course and scope of his employment when he was injured and therefore not entitled to receive worker’s compensation benefits. The trial judge granted defendants’ motion for summary judgment.
The sole issue on appeal is whether the trial judge erred in granting summary judgment finding plaintiff's accident was not in the course and scope of his employment.
FACTS
The facts shown by plaintiff’s deposition and the affidavit of George Berger, vice-president of American, are as follows.
On July 16, 1987 plaintiff was injured while playing catcher on a company sponsored softball team at Moore Park in Lafayette, Louisiana. A runner slid into him and injured his knee. The team was composed of employees of American Manufacturing Company. The games were played against teams from other companies. The employer paid the expenses of the team which included uniforms, equipment and park fees. George Berger, a vice-president of the company, was manager of the team, although a co-employee supervised the team. The games were played at facilities of Lafayette Parks and Recreation Department.
The employer and its insurer paid to plaintiff all medical expenses and worker’s compensation benefits through October 13, 1988 in the weekly amount of Two Hundred Sixty-one Dollars ($261.00). Plaintiff filed suit alleging his disability did not cease on October 13, 1988 because he was still under the care of a physician and that physician had recommended knee surgery. Plaintiff had the knee surgery and his physician told him not to return to work until July 5,1989. On July 7, 1989 plaintiff filed a request for modification of benefits due to his physician’s recommendation. He sought past due benefits and rehabilitation expenses. Plaintiff could not return to the type of work previously performed at defendant’s workplace. The rehabilitation expenses were to allow him to return to the work force in a lighter workload capacity.
The employer ceased paying benefits on October 13,1988 but continued to pay all of plaintiff’s medical expenses, including the cost of surgery. On June 6, 1990 defendants filed a motion for summary judgment claiming plaintiff was not in the course and scope of his employment at the time of injury. The summary judgment was granted on July 31, 1990. From this judgment plaintiff appeals.
LAW
In Jackson v. American Insurance Company, 404 So.2d 218 (La.1981) our Supreme Court rejected a “boilerplate question” analysis of whether or not recreation *1194 al activities were within the course of employment. The court in Jackson, supra, cited approvingly: “The determination of coverage is a subjective one in that each case must be decided from all of its particular facts.” Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973).
In Jackson, supra, a sixteen year old boy employed in a government sponsored summer youth program drowned while attending a swimming party sponsored by his employer. The court held the accident arose out of the victim’s employment. The court stated three factors to be considered by the trier of fact in determining whether a recreational activity is work related or not.
First consider the extent to which employee attendance is expected or mandatory. Then look at the benefit the employer received from the activity which gave rise to the injury. Finally, consider the time and place relationship between the risk of the injury and the employment. All three of these factors are factual inquiries.
Applying these factors to the present case we first look to see if participation in the softball team was voluntary. In his deposition plaintiff admits participation was voluntary. The employees were not paid while playing on the team. If the work schedule conflicted with softball, the work schedule received priority.
The employees were not pressured into playing on the team. The vice-president of the company, George Berger, was the manager of the team and approved the list of players signing up for the team. However, the actual supervision and management of the team was done by a co-employee, Mr. Zeno. Mr. Zeno attended the games, made substitutions, wrote the line up card for the umpire and made sure the team knew when the games were scheduled. While the vice-president’s approval of the list of players may have implied approval by the employer, there was certainly no expectation that the employees play softball.
The second inquiry under Jackson, supra, is whether the employer received any benefit from the softball team. The employer received no money from these games. The affidavit of George Berger, the vice-president, stated the softball team was not organized for advertising purposes but at the request of employees. The plaintiff contends the employer received benefit from the team playing other company teams as it created goodwill and business. However, plaintiff presented no evidence that his employer, who manufactures rope, reaped any goodwill or business benefits from this softball team. There is no evidence that the employer received any benefit from this activity.
The final inquiry is the time and place of the accident as it related to the employment. The softball games were not played on company premises. The team was part of the Lafayette Parks and Recreation Department program. The game in which plaintiff was injured was played at Moore Park in Lafayette. The team members did not play during their working hours, nor did they receive pay while playing. Work always received priority when any conflict arose between work schedules and softball.
In Lee v. Union Carbide Corporation, 506 So.2d 204 (La.App. 5 Cir.1987) an employee was injured while playing softball at a picnic on the employer’s premises. The company did not sponsor the game, attendance was voluntary, participants were not paid, and the employer received no benefit from the activity. The court dismissed the compensation claim, even though the accident occurred on the company premises, because of insufficient connexity between the injury and the employment.
The only connection between plaintiff’s injury and employment is that the employer paid the expenses of the softball team. Participation was voluntary. The employer received no benefit from the softball team. The accident did not occur on the employer’s premises and did not occur during plaintiff’s working hours. There is insufficient connexity in this case between plaintiff’s injury and employment for the accident to be in the course and scope of plaintiff’s employment. Thus, we do not find the trial judge erred in granting defendant’s motion for summary judgment.
*1195 Plaintiff argues his deposition creates genuine issues of material fact as to the presence or absence of the factors mentioned in Jackson v. American Insurance Company, supra. We have carefully considered plaintiffs affidavit and it does not contradict the facts stated above.
For the reasons assigned, the judgment appealed is affirmed at plaintiffs costs.
AFFIRMED.